**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-1788**

---

PERFORMANCE FRICTION CORPORATION,

Petitioner,

versus

NATIONAL LABOR RELATIONS BOARD,

Respondent,

versus

UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL
IMPLEMENT WORKERS, AFL-CIO, CLC,

Intervenor.

---

**No. 03-1918**

---

NATIONAL LABOR RELATIONS BOARD,

Petitioner,

versus

PERFORMANCE FRICTION CORPORATION,

Respondent.

UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL
IMPLEMENT WORKERS, AFL-CIO, CLC,

Petitioner,

versus

PERFORMANCE FRICTION CORPORATION,

Respondent,

and

NATIONAL LABOR RELATIONS BOARD,

Respondent.

On Petitions for Review and Cross-Applications for Enforcement of
an Order of the National Labor Relations Board. (11-CA-16040; 11-
CA-18044)

Argued: September 29, 2004        Decided: December 22, 2004

Before WILKINSON and LUTTIG, Circuit Judges, and Henry E. HUDSON,
United States District Judge for the Eastern District of Virginia,
sitting by designation.

No. 03-1788, Petition for Review is denied; No. 03-1918, Cross-
Application for Enforcement is granted; No. 03-2357, Intervenor's
Petition for Review is denied, and Intervenor's Application for
Enforcement is granted by unpublished per curiam opinion.

**ARGUED:** William Lawrence Rikard, Jr., PARKER, POE, ADAMS &
BERNSTEIN, L.L.P., Charlotte, North Carolina, for Performance
Friction Corporation.  Fred B. Jacob, NATIONAL LABOR RELATIONS

BOARD, Appellate Court Branch, Office of the General Counsel, Washington, D.C., for the Board. Marcia Weil Borowski, THOMPSON, ROLLINS, SCHWARTZ & BOROWSKI, L.L.C., Decatur, Georgia, for the Union. **ON BRIEF:** Stacy K. Wood, PARKER, POE, ADAMS & BERNSTEIN, L.L.P., Charlotte, North Carolina, for Performance Friction Corporation. Arthur F. Rosenfeld, General Counsel, John E. Higgins, Jr., Deputy General Counsel, John H. Ferguson, Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, Howard E. Perlstein, Deputy Assistant General Counsel, NATIONAL LABOR RELATIONS BOARD, Appellate Court Branch, Office of the General Counsel, Washington, D.C., for the Board.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Performance Friction Corporation ("the Company") petitions for review of a Decision and Order entered against it by the National Labor Relations Board ("the Board"). On April 22, 2003, the Board Ordered that the Company pay employees Jerry Kennedy ("Kennedy") and Manuel Mantecon ("Mantecon") backpay with interest.[*] The Board cross-applies for enforcement of its Order, and we have granted United Automobile, Aerospace & Agricultural Implement Workers of America ("the Union") leave to intervene. Reviewing this case for an abuse of discretion, we defer to the findings of the Board and hold that the Board properly calculated and awarded backpay with interest. As explained below, we deny the Petitions for Review and grant the Cross-Applications for enforcement.

## I.

On June 30, 1997, we affirmed the Board's findings that the Company had violated sections 8(a)(1) and (3) of the National Labor Relations Act ("NLRA"). 29 U.S.C. §§ 158(a)(1), (3). We then remanded the case to the Board for a recalculation of backpay. Performance Friction II, 117 F.3d 763, 766 (1997). On November 24, 1998, the Board's Regional Director received evidence and heard argument before ordering the Company to provide backpay to both

---

[*] The Board awarded Mantecon backpay in the amount of $5,438 plus interest and awarded Kennedy backpay in the amount of $11,738 plus interest.

4

Kennedy and Mantecon, along with four others.  The Board calculated the amount of backpay utilizing a "comparable or representative employee" formula based on an average of eighteen employees who worked throughout the entire backpay period in comparable positions to Mantecon and Kennedy.

The Company now petitions for review of the decision challenging the Board's award of backpay on three fronts.  First, the Company argues that "Kennedy and Mantecon's mendacious behaviors were a fraud on and a flagrant abuse of Board processes and therefore completely bar any backpay."  Next, the Company argues that the Board improperly awarded backpay without requiring Kennedy to prove that he mitigated his damages.  Lastly, the Company contends that the calculation method was improper.

## II.

The disposition of this case turns solely on the application of the standard of review, which is settled law in this Circuit. The NLRA mandates that the Board's factual findings "shall be conclusive" so long as "supported by substantial evidence on the record."  29 U.S.C. § 160(e); Sam's Club v. NLRB, 173 F.3d 233, 239 (4th Cir. 1999).  Credibility determinations are given deference absent exceptional circumstances and are reviewed solely for an abuse of discretion.  Sure-Tan, Inc. v. NLRB, 467 U.S. 883, 898–99 (1984).  The Board's interpretation of the NLRA is deferred to so

5

long as "reasonably defensible," WXGI, Inc. v. NLRB, 243 F.3d 833, 840 (4th Cir. 2001), and the Board's application of the law to the facts is reviewed solely to determine whether it is "supported by substantial evidence based upon the record as a whole." Sam's Club, 173 F.3d at 239. Further, the Board's ordered remedy is reviewed for an abuse of discretion and will only be disturbed in the extraordinary circumstance where it is "arbitrary, capricious, or manifestly contrary to the [NLRA]." Coronet Foods v. NLRB, 158 F.3d 782, 788 (4th Cir. 1998)(internal quotations omitted); ABF Freight Sys. v. NLRB, 510 U.S. 317, 324 (1994); Aneco Inc. v. NLRB, 285 F.3d 326, 329 (4th Cir. 2002).

## III.

In this Court's view, the Board's findings are supported by substantial evidence on the record, and there are no exceptional circumstances that warrant a finding that the Board abused its discretion. Consequently, we affirm the findings and conclusions of the Board. First, with respect to Mantecon's and Kennedy's behavior, while "[f]alse testimony in a formal proceeding is intolerable," ABF Freight Sys., 510 U.S. at 323, the Board explicitly found that "Mantecon did not make any intentional misleading statements." J.A. 526 n.11. Here, there was neither exceptional circumstances, nor an abuse of discretion. Consequently, we defer to the Board's credibility determination.

6

However, with respect to Kennedy, the Company argues that he purposely lied about his incarceration and efforts to mitigate, and should therefore be denied backpay. In American Navigation Co., the Board held that "discriminatees found to have willfully concealed from the Board their interim employment will be denied backpay for all quarters in which they engaged in the employment so concealed." 268 N.L.R.B. 426, 427 (1983). Therefore, the Board appropriately withheld payment for the quarters corresponding to the term of Kennedy's incarceration.

Second, we conclude that any omission in the Board's Order with respect to Kennedy's mitigation efforts are attributable to the Company's failure to meet its burden of proof. While "employees who lose their jobs as a result of an unfair labor practice must mitigate their damages by making a 'reasonable effort to obtain interim employment,'" Aneco Inc., 285 F.3d at 330 (4th Cir. 2002)(quoting Coronet Foods, 158 F.3d at 800)), the burden rests upon "the employer who committed an unfair labor practice to establish facts that reduce the amount due for gross backpay." Minette Mills, Inc., 316 N.L.R.B. 1009, 1010 (1995). The Company offered no evidence to justify a reduction in the amount of backpay awarded to Kennedy. The Company failed to meet its burden and, therefore, the Board did not abuse its discretion in awarding backpay to Kennedy.

Third, backpay was calculated utilizing a comparable or representative employee formula based on an average of eighteen employees who worked throughout the entire backpay period in comparable positions to Mantecon and Kennedy. The Board's calculation method was objectively reasonable based on substantial evidence and is entitled to deference. There has been no abuse of discretion. See Coronet Foods, 158 F.3d at 800 (quoting Bagel Bakers Council v. NLRB, 555 F.2d 304, 305 (2d Cir. 1977)(finding that the Board's decision to "proceed by one method rather than another hardly makes out a case of abuse of discretion")).

IV.

For the foregoing reasons, Performance Friction Corporation's Petition for Review is denied; the Board's Cross-Application for Enforcement of its Decision and Order of April 22, 2003, is granted; the Intervenor Union's Petition for Review as to Mantecon is denied, and the Intervenor Union's Application for Enforcement of the Board's decision as to Kennedy is granted.

PETITION FOR REVIEW IS DENIED; CROSS-APPLICATION FOR
ENFORCEMENT IS GRANTED; INTERVENOR'S PETITION FOR REVIEW IS
DENIED; AND INTERVENOR'S APPLICATION FOR ENFORCEMENT IS GRANTED